UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ELIJAH Q. VREELAND,

                              Plaintiff,                9:24 -CV-0521
                                                                     (DNH/TWD)
        v.

ONONDAGA COUNTY JUSTICE CENTER,
DEP RAPP, Correction Officer DOE 1, Correction
Officer DOE 2, and Correction Officer DOE 3,

                              Defendants.

---

APPEARANCES:                                       OF COUNSEL:

ELIJAH Q. VREELAND
Plaintiff, pro se
2375 Mead Road
Savannah, NY 13146

DAVID N. HURD
United States District Judge

**DECISION AND ORDER**

**I. INTRODUCTION**

      Plaintiff Elijah Q. Vreeland ("plaintiff") commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl.").

      In a Decision and Order filed on May 15, 2024 (the "May Order"), this Court reviewed the sufficiency of plaintiff's complaint in accordance with 28 U.S.C. § 1915A. *See* Dkt. No. 10. Based upon that review, the Court found that the Eighth Amendment excessive force claims against Doe 1, Doe 2, and Doe 3, whose identities were not known, survived review and required a response. *See id.*

The Court instructed the Clerk of the Court to send a copy of the complaint and the May Order to the Onondaga County Attorney's Office. *Id*. at 16-17. The Onondaga Attorney's Office was instructed to attempt to ascertain the identity of the defendants and an address where the defendants could be served and to provide that information. *Id*.

On June 24, 2024, the Onondaga Attorney's Office responded to the May Order. Dkt. No. 14. In an Order filed on July 12, 2024 (the "July Order"), the Court directed the Clerk of the Court to forward a copy of the response to plaintiff. Dkt. No. 16. Plaintiff was directed as follows:

> It is ordered that plaintiff has thirty days from the date of this Order to file an amended complaint that correctly identifies the defendants in his complaint. In an effort to assist plaintiff in drafting the proposed amended complaint, the Clerk shall forward to plaintiff a copy of his complaint (Dkt. No. 1). Plaintiff may identify the defendants by handwriting the names in the appropriate locations throughout on the copy of the complaint and indicate in the caption of the document that it is the amended complaint. Once plaintiff has made these changes to the copy of the operative pleading, captioned it as his amended complaint, and signed the proposed pleading, he should submit it to the Court for review.

Dkt. No. 16.

On October 30, 2024, plaintiff submitted an amended complaint in accordance with the July Order. Dkt. No. 19 ("Am. Compl.").

## II. REVIEW OF AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915A was discussed at length in the May Order and it will not be restated in this Decision and Order. See Dkt. No. 10 at 2-4.

### B. Summary of Amended Complaint

With the amended complaint, plaintiff identified the following defendants: Veda Hajdur ("Hajdur"), Thomas Fodaro ("Fodaro"), Alton Apples ("Apples"), and Gerard Wagner ("Wagner").[1]  Am. Compl. at 2-3.  While plaintiff does not name C.O. Rapp ("Rapp") as a defendant in the caption or list of parties, in the body of the pleading, plaintiff reasserts previously dismissed claims against Rapp.  Id. at 5.  The facts asserted in the amended complaint are identical to those pleaded in the original complaint.  *Compare* Compl. *with* Am. Compl.

On February 9, 2024, at approximately 3:40 p.m. in the P.C. Pod, Cell 15, plaintiff asked Rapp for permission to take a shower.  Am. Compl. at 8.  Rapp declined the request.  *Id*.  Plaintiff asked to speak to a sergeant and for a grievance and Rapp denied these requests.  *Id.*  Plaintiff then asked for "mental health" and Rapp denied the request, mocked plaintiff, and locked plaintiff into his cell.  *Id*.

On February 9, 2024, at approximately 3:40 p.m., after a "suicide attempt," Hajdur, Fodaro, Apples, and Wagner "rushed" to plaintiff's cell and "beat" him.  Am. Compl. at 4, 7.  Plaintiff was naked while the assault occurred because he removed his jumpsuit to "hang" himself.  Id. at 7.

Plaintiff suffered bruises to his face, shoulders, right leg, wrists, head, and a "blown" left ear drum and was transferred to Upstate Hospital for treatment.  Am. Compl. at 4, 7.  Plaintiff underwent CT scans and x-rays and was treated with steroids and Tylenol.  *Id.*

---

[1] The Clerk of the Court is directed to add these defendants to the Docket Report and to terminate the Doe defendants.

3

On February 17, 2024, plaintiff was not permitted to use the restroom, denied lunch, and running water, and was left on the floor "naked" with a suicide smock for seven hours. Am. Compl. at 6. Plaintiff was compelled to urinate on the floor. *Id*. Plaintiff served 91 days in the "box." Id.

Construed liberally[2], the amended complaint contains the following claims: (1) Eighth Amendment excessive force claims against Hajdur, Fodaro, Apples, and Wagner; (2) Eighth Amendment deliberate medical indifference claims against Rapp; (3) Eighth Amendment condition-of-confinement claims; (4) claims related to the grievance process; and (5) First Amendment retaliation claims. *See generally* Am. Compl. Plaintiff seeks compensatory damages and injunctive relief. *See id.* at 5.

For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the amended complaint.

C. **Analysis**

1. **Excessive Force Claims**

As a result of the review of the complaint, the Court held that Vreeland's Eighth Amendment excessive force claims against the Doe defendants required a response. With the amended complaint, plaintiff repeats those claims and substitutes Fodaro, Apples, and Wagner for the unidentified defendants. *See generally* Am. Compl. Vreeland also asserts

---

[2] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. S*ee, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich,* 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

new Eighth Amendment excessive force claims against Hajdur.  The Court finds that the excessive force claims survive sua sponte review and require a response.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

### 2. Remaining Claims

The Court has reviewed the remaining claims in the amended complaint and finds that plaintiff has failed to remedy the pleading deficiencies identified in the May Order.  As a result, the Court finds that plaintiff has not alleged facts in the amended complaint which plausibly suggests that he is entitled to relief for his remaining claims.  As a result, and for the reasons set forth in the May Order, plaintiff's remaining Eighth Amendment claims, First Amendment retaliation claims, and claims related to the grievance process are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

## III. SERVICE ISSUES

Vreeland paid the entire filing fee for this action.  As a result, plaintiff is responsible for serving the summonses and complaint on defendants.  Federal Rule of Civil Procedure 4(c)(3) provides, in pertinent part, for service "[b]y a Marshal or [s]omeone [s]pecially [a]ppointed and states, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."  Where a plaintiff is not proceeding in forma pauperis ("IFP"), the decision whether to grant a request for service by a United States Marshal or other appropriate person is discretionary.  *Zarro v. Spitzer*, No. 06-CV-116 (GLS/DRH), 2008 WL 4399442, at *1 (N.D.N.Y. Sept. 23, 2008) (citing Fed. R. Civ. P. 4(c)(3)).  "A court appointed process server

may [. . . ] be appropriate where the plaintiff is unable to resort to private options for the effectuation of service." *Id*. (citation omitted).

To effectuate service by the United States Marshal, plaintiff must (1) pay the service fee due to the U.S. Marshal in full in advance[3]; and (2) provide all necessary papers for service, including a completed U.S. Marshals Form and summons form (both of which may be obtained from the Office of the Clerk of the Court) for the defendants, and a copy of the complaint for the defendants.

Plaintiff is directed to send the service documents and payment of the service fee to the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367, to be forwarded by the Clerk to the U.S. Marshal.

In the alternative, plaintiff is free to submit a signed and completed IFP application in accordance with 28 U.S.C. § 1915. Consideration of a request for IFP status requires a determination whether plaintiff has demonstrated sufficient economic need. If such an IFP application is granted, the U.S. Marshal will be directed to effect service of process on plaintiff's behalf.

## IV.  CONCLUSION

Therefore, it is

ORDERED that

---

[3] Payment of the service fee must be made by money order or certified check payable to "U.S. Marshal." For service by mail, the fee is $8.00 per summons and complaint. The cost of service by mail on the remaining defendants is $32.00. Plaintiff is advised that if initial service is unsuccessful, he will be required to pay the U.S. Marshal any additional fees, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal.

1. The amended complaint (Dkt. No. 19) is **ACCEPTED** for filing and is the operative pleading in this action;

2. The Clerk shall revise the docket as follows: (i) add Veda Hajdur, Thomas Fodaro, Alton Apples, and Gerard Wagner; and (ii) terminate the Doe defendants;

3. Plaintiff is afforded an opportunity to either (i) submit a completed and signed IFP application; or (ii) request an order of this Court directing service by the U.S. Marshal and provide payment of the service fee to the U.S. Marshal in full by money order or certified check;

4. Upon plaintiff's submission of an IFP application or request for assistance with service of process, the Clerk shall return the file to the Court for further review;

5. The Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

IT IS SO ORDERED.

Dated: September 12, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge